IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robin Smith, ) | C. A. No. 2:09-2733-JMC-RSC |
| Plaintiff, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Michael S. Astrue, ) Commissioner of Social Security, ) | |
| Defendant. ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff brought this action pursuant to Sections 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. § 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying supplemental security income benefits under Title XVI of the Social Security Act, respectively.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff, Robin Smith, filed an application for supplemental security income benefits on September 29, 2005, alleging she became disabled on January 1, 1996, due to depression, bipolar disorder and asthma. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff requested a hearing on May 15,

2006. The administrative law judge before whom the plaintiff appeared with counsel and Carl S. Weldon, a vocational expert (Tr. 42-71), considered the case de novo, and on November 21, 2008, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the administrative law judge:

> 1. The claimant has not engaged in substantial gainful activity since September 29, 2005, the application date (20 CFR 416.971 et seq.). ...
>
> 2. The claimant has the following severe impairments: depression, bipolar disorder and personality disorder (20 CFR 416.921 et seq.). ...
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926). ...
>
> 4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to simple, routine and repetitive tasks and occasional interaction with the public. ...
>
> 5. The claimant has no past relevant work (20 CFR 416.965). ...
>
> 6. The claimant was born on July 24, 1965, and was 40 years old, which is defined as a younger individual, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has at least a high school education and is able to communicate in English

>   (20 CFR 416.964).
>
>   8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
>   9. Considering the claimant's age education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a). ...
>
>   10. The claimant has not been under a disability, as defined in the Social Security Act, since September 29, 2005, the date the application was filed (20 CFR 416.920(g)).

Tr. 23-28.

On November 21, 2009, the plaintiff requested review by the Appeals Council which was granted. On September 2, 2009, the Appeals Council adopted the administrative law judge's statements regarding the pertinent provisions of the Social Security Act, Social Security Administration Regulations, Social Security Rulings and Acquiescence Rulings, the issues in the case, and the evidentiary facts, as applicable and adopted the administrative law judge's findings or conclusions regarding whether the claimant was disabled.

However, the Appeals Council noted that the hearing decision did not contain a rationale for not according controlling weight to the opinion of plaintiff's treating physician, Dr. Forsthoefel. The Appeals Council stated that it had considered the totality of evidence while examining the treating physician's opinion. ... The Appeals Council considered the opinion of Dr.

3

Forsthoefel along with other whole record and determined that controlling weight is not appropriate for this opinion. ...

The Appeals Council made the following findings:

>    1. The claimant has not engaged in substantial gain activity since September 29, 2005.
>
>    2. The claimant has the following severe impairments: depression, bipolar disorder and personality disorder, but does not have an impairment or combination of impairments which is listed in, or which is medically equal to an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.
>
>    3. The claimant has the residual functional capacity to perform the work at any exertional level with the following nonexertional limitations: limited to simple, routine and repetitive tasks and occasional interaction with the public.
>
>    4. The claimant's subjective complaints are not fully credible for the reasons identified in the body of this decision.
>
>    5. The claimant does not have any past relevant work or transferable work skills.
>
>    6. The claimant is 44 years old, which is defined as a younger individual, has a high school education, and is able to communicate in English.
>
>    7. Based on the claimant's residual functional capacity, age, education, work experience, and 20 CFR 416.969, Rule 204 of the Medical-Vocational guidelines, 20 CFR Part 404, Subpart P, Appendix 2, provides a framework for decisionmaking. As a result, there are a significant numbers of jobs in the national economy which she could perform such as assembler (DOT 706.684-022) or inspector (DOT 741.687-010).
>
>    8. The claimant is not disabled as defined in the Social Security Act at any time through the date of the decision dated November 21, 2008.

Tr. 6-7.

## **APPLICABLE LAW AND REGULATIONS**

The Social Security Act provides that supplemental security income (SSI) disability benefits shall be available for aged, blind, and disabled persons who have income and resources below a specific amount. 42 U.S.C. § 1381 et. seq.; 20 C.F.R. § 416.110.

The standard for determining eligibility for SSI disability benefits consists of a two-fold test. The claimant must show a medically determinable physical or mental impairment, and the impairment must be such as to render the claimant unable to engage in substantial gainful employment. Walker v. Harris, 642 F.2d 712 (4th Cir. 1981) (citing Blalock v. Richardson, 438 F.2d 773 (4th Cir. 1972)); 42 U.S.C. § 423(d); 20 C.F.R. § 404.1501(b).

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. See, Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)).

The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). However, if there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, QUESTION PRESENTED(4th Cir. 1972).

By brief the plaintiff argued that the administrative law judge erred in the following ways:

> 1. The administrative law judge failed to correctly assess the plaintiff's credibility.
>
> 2. The administrative law judge failed to explain his findings regarding the plaintiff's residual functional capacity, from a mental standpoint, as required by Social Security Ruling 96-8p.

Additionally, the plaintiff disputes the Appeals Council's opinion correcting the administrative law judge's error in not considering treating physician Dr. Forsthoefel's opinions.

6

# **CREDIBILITY DETERMINATION**

Specific findings are necessary if a claimant's testimony is to be found not credible. Smith v. Heckler, 782 F.2d 1176 (4th Cir. 1986); Hammond v. Heckler, 765 F.2d 723 (4th Cir. 1985); Smith v. Schweiker, 719 F.2d 723 (4th Cir. 1984); DeLoatche v. Heckler, 715 F.2d 148 (4th Cir. 1983); Combs v. Weinberger, 501 F.2d 1361 (4th Cir. 1974). If credibility determinations are based upon improper or irrational criteria, they cannot be sustained. Breeden v. Weinberger, 493 F.2d 1002 (4th Cir. 1974). Credibility determinations must refer specifically to the evidence forming the administrative law judge's conclusion, as the duty of explanation is always an important part of the administrative charge. Hatcher v. Secretary, 898 F.2d 21 (4th Cir. 1989).

Social Security Ruling 96-7p states that:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms.

Rather, SSR 96-7p requires that the decision contain "specific reasons" for the credibility finding, which is supported by the evidence in the case record, and "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the

individual's statements and the reasons for that weight."

## **RESIDUAL FUNCTIONAL CAPACITY AND MENTAL IMPAIRMENTS**

The plaintiff argued that the RFC findings do not consider the impact of Smith's mental impairments in the manner required by SSR 96-8p which states that in assessing the claimant's RFC, nonexertional capacity, such as limitations resulting from mental impairment, "must be expressed in terms of work-related functions." Regarding mental impairments, SSR 96-8p states that "[w]ork-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting."

Social Security Ruling 96-8p requires that the RFC assessment "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." This ruling further provides:

> In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the

8

evidence in the case record were considered and
resolved.

The administrative law judge is also required to include in his RFC assessment, "a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." Id.

## **DISCUSSION**

This action is unique in the manner in which it was reviewed by the Commissioner.

Following an unfavorable decision by the presiding administrative law judge, the plaintiff sought appeals council review on December 9, 2008, asserting, "I request that the Appeals Council review the Administrative Law Judge's action on the above claim because: a number of impairments that result in disability." Tr. 15.

Thereafter on September 24, 2009, the social security appeals council issued a decision adopting "the Administrative Law Judge's findings or (sic) conclusions regarding whether the claimant is disabled." (Tr. 4). However, the Appeals Council noted, "that the hearing decision did not contain a rationale for not according controlling weight to the opinion of claimant's treating physician Dr. Forsthoefel." (Tr. 5). Dr. Frank Forsthoefel, the plaintiff's treating physician, had opined that the plaintiff was unable to perform work on a sustained and

9

regular basis[1]. (Tr. 303). Thereafter the Appeals Council provided its own explanation as to why Dr. Forsthoefel's opinion was not entitled to controlling weight.

The plaintiff was given notice that this issue was under review and of the proposed decision. The plaintiff was advised that she could provide more information or request an appearance before the appeals council. However the plaintiff did not take advantage of this opportunity.

At oral argument the plaintiff's counsel conceded, as he did in the reply brief, that the decision of the Appeals Council was overlooked in preparing an appeal to this court. Accordingly, now faced with the Appeals Council decision, the plaintiff's oral argument focused on the action of the appeals council. Primarily the plaintiff argued that the action of the Appeals Council was in error because the evaluation of the treating physician's opinion touched on all aspects of the issue of disability and

---

[1] "Ms. Robin Smith has a severe bipolar condition. Clinically, she is obviously angry and agitated. She has psychotic features, hearing voices that command her to kill her boyfriend or herself. We have had to contract for safety, that is, to get her to agree to contact Mental Health before taking such action. Ms. Smith's condition is one that makes her prone to impulsive behavior, and as a result the risk of suicide or homicide are higher than they would be otherwise. Her impulsiveness is also manifested in her case by her tendency to addiction, which is a result of her psychological problems, rather than the cause of them. Ms Smith is going to have difficulty performing any work on an 8-hour-day basis without missing hours out of the work day and days out of the work month as a result of her condition." (Tr. 303).

could not be resolved in isolation as done by the appeals council.

Social Security regulations provide:

> 416.1467 - Appeals Council review general.
> If you or any other party is dissatisfied with the hearing decision or with the dismissal of a hearing request, you may request that the Appeals Council review that action. The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge. The Appeals Council shall notify the parties at their last known address of the action it takes.

20 C.F.R. 416.1467.

> 416.1479 - Decision of Appeals Council.
>
> After it has reviewed all the evidence in the administrative law judge hearing record and any additional evidence received, subject to the limitations on Appeals Council consideration of additional evidence in 416.1470(b) and 416.1476(b), the Appeals Council will make a decision or remand the case to an administrative law judge. The Appeals Council may affirm, modify or reverse the administrative law judge hearing decision or it may adopt, modify or reject a recommended decision. A copy of the Appeals Council's decision will be mailed to the parties at their last known address.

20 C.F.R. 416.1479.

Here no new evidence was presented to the Appeals Council, and the Appeals Council affirmed the administrative law judge's decision. The Appeals Council did not purport to modify the decision of the administrative law judge, and indeed the Appeals Council did not make partial changes to the decision. Rather the Appeals Council added to the decision, supplemented the decision

11

with an evaluation of evidence which had been before the administrative law judge and made a finding which the administrative law judge failed to make. Such is beyond the scope of the authority of the appeals council. The Appeals Council cannot have it both ways. It cannot affirm the decision of the administrative law judge while at the same time evaluate the evidence and make new findings.

This action leaves the plaintiff with two incomplete written opinions. It gives the impression that her claim was not decided by one fact finder, but rather piecemeal, and that the synergistic effect of her impairments was never seriously reviewed. It also leaves the court in the untenable position of trying to meld two decisions into one and review them for sufficiency.

At oral arguments all parties agreed that this is a novel situation. It appears that this matter should be remanded to the for one final decision of the Commissioner by the Appeals Council, or for a remand of this matter to an administrative law judge for a full and fair evaluation of the plaintiff's clam.

### CONCLUSION

Accordingly, for the aforementioned reasons it is recommended that, pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence

four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the court should reverse the Commissioner's decision under sentence four of 42 U.S.C. §§405(g) and 1383(c)(3), and remand the case to the Commissioner to take appropriate action. See, Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991).

                                              Respectfully Submitted,

                                              Robert S. Carr
                                              United States Magistrate Judge

Charleston, South Carolina

October 25, 2010

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).