IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robin Smith | ) | |
| | ) | C.A. No. 2:09-cv-02733-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      Plaintiff filed the complaint in this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") pursuant to Title 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner denied her claim for supplemental security income benefits under Title XVI of the Social Security Act, 42.U.S.C. §§1381-1381 (2011). In her application, Plaintiff sought disability benefits for depression, bipolar disorder and asthma, which was denied initially and upon reconsideration. Following a hearing on her application, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled within the meaning of the Social Security Act, as amended. Thereafter, although noting that the ALJ's decision did not contain a rationale for not according controlling weight to the opinion of Plaintiff's treating physician, Dr. Frank Forsthoefel, the Appeals Council issued a decision in which it evaluated and rejected the opinion and adopted all other findings and conclusions of the ALJ, including the findings that Plaintiff is not disabled. The Appeals Council's decision is hereby treated as the final

1

decision of the Commissioner.

The Magistrate Judge's Report and Recommendation [Doc. 22], filed on October 25, 2010, recommends that the decision of the Commissioner be reversed and remanded under sentence four of 42 U.S.C. § 405(g) for additional consideration. More specifically, the Magistrate Judge determined that this case should be remanded because the Appeals Council did not have the authority to add to or supplement the ALJ's decision. [Doc. 22 at 11-12]. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's report herein without a recitation. For the reasons set forth below, the court adopts the Magistrate Judges' Report and Recommendation and remands the case to the Commissioner for further proceedings to reconsider the medical assessments and opinions of Plaintiff's treating physician, Dr. Forsthoefel, and to make specific findings regarding the weight to be accorded to his opinion in light of the entire record.

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined inumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

## DISCUSSION

The Commissioner objects to the Magistrate Judge's resolution of the ALJ's failure to address Plaintiff's treating physician's opinion. The Commissioner also objects to the Magistrate Judge's recommendation to remand the case for further proceedings because of the Appeals Council's decision to evaluate this opinion and make new findings to supplement the ALJ's decision. [Doc. 24]. The Commissioner requests that the court not adopt the Magistrate Judge's Report and Recommendation but instead affirm the ALJ's decision.

The Commissioner contends that the Appeals Council had the authority to modify the ALJ's

decision and evaluate the evidence to make new findings.  In support of this argument, the Commissioner cites the case of *Dominick v. Bowen*, 861 F.2d 1330, 1332 (5th Cir. 1988).  In that case, the ALJ found that the claimant was not disabled and denied her benefits.  The Appeals Council affirmed the ALJ's decision that the claimant was not disabled, but modified the decision to add a finding that the claimant's mental impairment was first diagnosed in 1986 and that, in order to receive disability benefits, the claimant had to prove that she was diagnosed prior to December 31, 1984, her last quarter of eligibility.  *Id*.  The Appeals Council also corrected the ALJ's finding that the claimant suffered from the impairment of fatigue, noting that "fatigue [is] a symptom rather than an impairment." *Id*.  In *Dominick*, the Appeals Council appropriately modified the ALJ's findings to clarify the date by which the claimant could seek disability benefits and to clarify the categorization of her diagnosis. Here, the Appeals Council modified the ALJ's decision by evaluating evidence the ALJ had not considered.

    The court agrees that the Appeals Council can modify an ALJ decision but finds that the Appeals Council went beyond this perogative.  In this case, the ALJ not only failed to provide reasons for not giving controlling weight to the opinion of Dr. Frank Forsthoefel, but did not evaluate or address his opinion.  Nonetheless, the Appeals Council revised the ALJ's decision by addressing the ALJ's error, then retroactively evaluated the treating physician's opinion and adopted the other findings and conclusions of the ALJ.  The Commissioner admits that the Appeals Council did not discuss or evaluate any medical evidence other than Dr. Forsthoefel's opinion. [Doc. 24 at 3]. In making its new findings, the Appeals Council  essentially stepped into the shoes of the ALJ and made speculative conclusions about what it perceived the ALJ would have done if Dr. Forsthoefel's opinion was considered along with the other evidence in the record.  Considering that

4

the ALJ did not evaluate Dr. Forsthoefel's opinion, it is not appropriate for the Appeals Council to speculate about or substitute its evaluation of such opinion for the ALJ, yet make no detailed findings about the effect of Dr. Forsthoefel's opinion on the other evidence in the case. Therefore, unlike as the Commissioner claims, there is no proof that the Appeals Council, in issuing its own decision, based that decision on a preponderance of the evidence as required by 20 C.F.R. § 416.1479. Accordingly, the court finds that the ALJ's decision is not supported by the substantial evidence in the record because it does not consider the treating physician's opinion. Therefore, this case is appropriately remanded to the Commissioner for its consideration and evaluation of Dr. Forsthoefel's opinion.

## CONCLUSION

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation [Doc. # 24]. Therefore, the Commissioner's decision is **REVERSED**, and this case is remanded to the Commissioner for appropriate action.

**IT IS SO ORDERED.**

s/ J. Michelle Childs<br>
United States District Judge

Greenville, South Carolina
March 7, 2011